# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Groupe SEB USA, Inc. and Meyer Corporation, U.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Caraway Home, Inc.,<br><br>*Defendant*. | Civil Action No. 1:26-cv-01237-AS-SN |

### CHART OF PLAINTIFFS GROUPE SEB USA, INC. AND MEYER CORPORATION, U.S. IN OPPOSITION TO DEFENDANT CARAWAY HOME, INC.'S MOTION TO DISMISS PURSUANT TO THE COURT'S INDIVIDUAL PRACTICES IN CIVIL CASES, SECTION 8(G)(i)

Pursuant to the Individual Practices in Civil Cases of this Court, Section 8(G)(i), Plaintiffs Groupe SEB USA, Inc. ("SEB") and Meyer Corporation, U.S. ("Meyer," together with SEB "Plaintiffs") respectfully submit the below chart in opposition to Defendant Caraway Home Inc.'s ("Caraway") Motion to Dismiss Plaintiff's Complaint.

**Chart Identifying Paragraphs of the Complaint Plausibly Alleging Elements**

| Count | Paragraphs Plausibly Alleging Elements |
|---|---|
| **Count I: False Advertising Under the Lanham Act** | Plaintiffs plausibly allege:<br>1. That Caraway has made and continues to make false and/or misleading statements of fact and representations of fact as to the nature, characteristics, and/or qualities of its goods and competitors' goods, including SEB and Meyer. Compl. ¶¶ 10-13, 31-38, 39–62, 65, 81. |

1

|  |  |
|---|---|
|  | 2. That these false and/or misleading statements were made in commercial advertising in a manner material to the public's decision to purchase Caraway's products rather than those of competitors, including SEB and Meyer. *Id.* ¶¶ 40–41, 75, 82.<br><br>3. That as a proximate result of Caraway's willful conduct, SEB and Meyer have suffered irreparable harm, including irreparable harm to their reputations, goodwill, and sales. *Id.* ¶¶ 8-9, 76–79, 83–86. |
| **Count II: Commercial Disparagement Under the Lanham Act** | Plaintiffs plausibly allege:<br><br>1. That Caraway, on or in connection with goods used in interstate commerce, has made and continues to make false comparisons of its products as compared to those of competitors, including SEB and Meyer. Compl. ¶¶ 6-9, 36-38, 43, 47, 54–62, 89.<br><br>2. That these false statements and comparisons were made in commercial advertising in a manner material to the public's decision to purchase Caraway's products. *Id.* ¶¶ 40–41, 75, 90.<br><br>3. That as a proximate result of Caraway's willful conduct, SEB and Meyer have suffered irreparable harm, including irreparable harm to their reputations and goodwill and lost sales. *Id.* ¶¶ 77–79, 92–94. |
| **Count III: Violation of New York General Business Law § 349** | Plaintiffs plausibly allege:<br><br>1. That Caraway has engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York. Compl. ¶¶ 8-9, 13, 40–41, 74–75, 97, 105-107.<br><br>2. That Caraway's statements are materially misleading and likely to influence purchasing decisions, including telling consumers that using Plaintiffs' cookware will make them |

| | |
|---|---|
| | sick and release "toxic" fumes into their homes. *Id.* ¶¶ 39, 42–62, 98.<br><br>3. That Plaintiffs have suffered and will continue to suffer damages, and that Caraway's conduct was willful and deliberate and constitutes a knowing violation of Plaintiffs' rights. *Id.* ¶¶ 77–79, 99–100. |
| **Count IV: Violation of New York General Business Law § 350** | Plaintiffs plausibly allege:<br><br>1. That Caraway has engaged in consumer-oriented conduct through unlawful advertising that has adversely affected the public interest and has resulted in injury to consumers in New York and to the public at large. Compl. ¶¶ 40–41, 74–75, 105.<br><br>2. That Caraway's statements are materially misleading and likely to influence purchasing decisions, and that consumers do in fact rely on these statements, as confirmed by Caraway's own consumer testimonials. *Id.* ¶¶ 39, 42–62, 106–107.<br><br>3. That Caraway's conduct was willful and deliberate and constitutes false advertising in the conduct of business, and that Plaintiffs have suffered and will continue to suffer damages. *Id.* ¶¶ 77–79, 108–112. |
| **Count V: Common Law Unfair Competition** | Plaintiffs plausibly allege:<br><br>1. That Caraway has engaged in unfair competition by making false, misleading, and deceptive statements about Plaintiffs' products while disparaging the products of competitors, causing consumers to purchase its products over Plaintiffs'. Compl. ¶¶ 14, 36-38, 39–62, 114.<br><br>2. That Caraway acted and continues to act in bad faith in making claims it knew and knows to be materially false and deceptive. *Id.* ¶¶ 10-13, 63–73, 115.<br><br>3. That Caraway's false claims have embedded themselves in the minds of consumers, convincing them to |

3

| | |
|---|---|
| | purchase Caraway products instead of Plaintiffs' products, and Plaintiffs' sales have plummeted as a result. *Id.* ¶¶ 74–79. |
| **Count VI: Common Law Trade Libel** | Plaintiffs plausibly allege:<br>1. That since 2019, Caraway has published and continues to publish false and defamatory statements about PTFE-coated cookware and bakeware sold by Plaintiffs. Compl. ¶¶ 19-20, 36-38, 39–62, 118.<br>2. That these false statements were made with the intent to disparage the quality and safety of Plaintiffs' PTFE-coated products and play a material and substantial role in inducing customers not to purchase Plaintiffs' products. *Id.* ¶¶ 36-38, 74, 119.<br>3. That Caraway published its false statements with actual knowledge of their falsity or with serious doubts as to their truth, so as to have acted with actual or implied malice. *Id.* ¶¶ 10-13, 59-62, 63–73, 120.<br>4. That the false statements caused both general and special damages to Plaintiffs, including plummeting sales and substantial corrective advertising expenses. *Id.* ¶¶ 77–79, 121. |
| **Count VII: Declaratory Judgment** | Plaintiffs plausibly allege:<br>1. That they seek a specific statutory remedy—a declaration that this is an "exceptional case" under 15 U.S.C. § 1117. Compl. ¶ 124.<br>2. To the extent the Court views this as duplicative, it should be construed as relief sought under Counts I and II rather than dismissed with prejudice. |

Dated: June 1, 2026
       Washington, D.C.

**MAYER BROWN LLP**

By:  */s/ Carmine R. Zarlenga*
        Carmine R. Zarlenga* (*Lead attorney*)
        Julyana C. Dawson*
        David B. Goldstein*
        1999 K Street, NW
        Washington, DC 20006
        Tel: (202) 263-3000
        Fax: (202) 263-3300
        czarlenga@mayerbrown.com
        jdawson@mayerbrown.com
        dgoldstein@mayerbrown.com

        Philip R. Recht*
        Daniel D. Queen
        Max W. Hirsch*
        333 S. Grand Ave 47th Floor
        Los Angeles, CA 90071
        Tel: (213) 229-9500
        precht@mayerbrown.com
        dqueen@mayerbrown.com
        mhirsch@mayerbrown.com

        *admitted *pro hac vice*