**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Groupe SEB, Inc. and Meyer Corporation, U.S.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Caraway Home, Inc.,<br><br>　　　　　　　Defendant. | Civil Action No. 1:26-cv-01237 (AS) |

**CARAWAY HOME, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## TABLE OF CONTENTS

Page

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................. 1

    I.     PLAINTIFFS CANNOT SAVE THEIR LANHAM ACT CLAIMS BY GROUPING ALL OF CARAWAY'S ADS TOGETHER.................................... 1

         A.     Each Challenged Claim Must Be Evaluated In The Context Of Its Own Advertisement ..................................................................... 1

         B.     The Complaint Does Not Plausibly Allege That Caraway's Ads Are False .................................................................................... 2

               i.     Caraway's Ads Are Not Literally False ........................................ 3

               ii.    Caraway's Ads Are Not False By Necessary Implication ............. 4

         C.     Certain Claims Made By Caraway Are Mere Puffery .............................. 5

         D.     The Plaintiffs Did Not Sufficiently Plead Consumer Deceptions As Required For Implied Falsity Claims........................................... 6

         E.     Plaintiffs Failed To Plead That They Were Harmed As A Proximate Result Of Caraway's Advertising........................................... 8

    II.........PLAINTIFFS DO NOT ADEQUATELY PLEAD HARM TO THE PUBLIC HEALTH OR SAFETY AS REQUIED UNDER THE NYGBL........... 9

    III.    PLAINTIFFS' THEORY OF UNFAIR COMPETITION IS NOT RECOGNIZED IN NEW YORK ...................................................................... 10

    IV.    PLAINTIFFS' TRADE LIBEL CLAIM FAILS ................................................. 11

    V.    DECLARATORY JUDGMENT IS NOT A CAUSE OF ACTION ................... 12

CONCLUSION.............................................................................................................. 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apotex Inc. v. Acorda Therapeutics, Inc.*,
   823 F.3d 51 (2d Cir. 2016)..............................................................................................2

*Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris USA Inc.*,
   344 F.2d 211 (2d Cir. 2003)...........................................................................................10

*Charlotte's Web, Inc. v. AAXLL Supply Co. LLC*,
   2020 WL 6891876 (N.D. Cal. Nov. 24, 2020) .................................................................9

*Cisco Sys., Inc. v. Synamedia Ltd.*,
   557 F. Supp. 3d 464 (S.D.N.Y. 2021).............................................................................12

*Cnty. Waste & Recycling Serv., Inc. v. Twin Bridges Waste & Recycling, LLC*,
   150 N.Y.S.3d 893 (N.Y. Sup. Ct. Albany Cnty. 2021)...................................................10

*Consumers Union of U.S., Inc. v. Theodore Hamm Brewing Co.*,
   314 F. Supp. 697 (D. Conn. 1970)....................................................................................2

*DeBlasio v. N. Shore Univ. Hosp.*,
   624 N.Y.S.2d 263 (1995).................................................................................................11

*Doe v. Uber Techs., Inc.*,
   551 F. Supp. 3d 341 (S.D.N.Y. 2021)...............................................................................6

*Drug Rsch. Corp. v. Curtis Publ. Co.*,
   7 N.Y.2d 435 (1960) ..................................................................................................11, 12

*E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   590 F. Supp. 2d 1244 (N.D. Cal. 2008) ..........................................................................11

*Incarcerated Ent., LLC v. Warner Bros. Pictures*,
   261 F. Supp. 3d 1220 (M.D. Fla. 2017)........................................................................1, 2

*McNeil Lab, Inc. v. Am. Home Prods. Corp.*,
   848 F.2d 34 (2d Cir. 1988)................................................................................................8

*Meisel v. Grunberg*,
   651 F. Supp. 2d 98 (S.D.N.Y. 2009)...............................................................................10

*Mimedx Grp., Inc. v. Osiris Therapeutics Inc.*,
   2017 WL 3129799 (S.D.N.Y. July 21, 2017) .................................................................10

*Restellini v. Wildenstein Plattner Inst.*,
2021 WL 4340824 (S.D.N.Y. Sept. 22, 2021)....................................................................4, 5

*Rivera v. S.C. Johnson & Son, Inc.*,
2021 WL 4392300 (S.D.N.Y. Sept. 24, 2021)....................................................................4, 5

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014)......................................................................12

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
2016 WL 815205 (S.D.N.Y. Feb. 29, 2016)..........................................................................10

*Skillz Platform Inc. v. Papaya Gaming, Ltd.*,
2025 WL 3268799 (S.D.N.Y. Nov. 21, 2025)..........................................................................5

*Solmetex, LLC v. Dental Recycling of N. Am., Inc.*,
2017 WL 2840282 (S.D.N.Y. June 26, 2017) ..................................................................10, 11

*ThermoLife Int'l LLC v. Sparta Nutrition, LLC*,
2020 WL 248164 (D. Ariz. Jan. 16, 2020) ..............................................................................9

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
497 F.3d 144 (2d Cir. 2007) ..............................................................................................2, 4

*Tresóna Multimedia, LLC v. Pre-Cleared Ltd.*,
2026 WL 480858 (S.D.N.Y. Feb. 19, 2026)..........................................................................6, 7

*Verisign, Inc. v. XYZ.COM LLC*,
848 F.3d 292 (4th Cir. 2017) ..................................................................................................2

*Verizon Directories Corp. v. Yellow Book USA, Inc.*,
309 F. Supp. 2d 401 (E.D.N.Y. 2004) ................................................................................3, 8

*Weight Watchers Intl., Inc. v. Noom, Inc.*,
403 F. Supp. 3d 361 (S.D.N.Y. 2019)................................................................................3, 8

*XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*,
214 F. Supp. 3d 179 ................................................................................................................6

**Statutes**

NY Gen. Bus. Law § 349................................................................................................9, 10

NY Gen. Bus. Law § 350................................................................................................9, 10

## INTRODUCTION

Plaintiffs' opposition to Caraway's motion to dismiss suffers from the same fundamental defect as its complaint. Plaintiffs treat distinct advertisements containing different claims, made at different times, in different marketing channels, to different consumers, as though they were a single undifferentiated mass. Plaintiffs accuse Caraway of "cherry picking" advertisements from the complaint and arguing why they are not actionable. Opp., 2. But that is precisely the analysis the Court must undertake to determine whether each challenged advertising claim satisfies the requirements of the Lanham Act. Each claim must be evaluated on its own merits, in the context of the ad in which it appears, not by reference to other advertisements that make different claims. On nearly every issue raised by Caraway's motion, Plaintiffs' opposition avoids the required claim-by-claim analysis, instead emphasizing a handful of supposedly offensive advertisements while all but ignoring the rest, including advertisements that make nontoxic claims that are similar to Plaintiffs' own advertisements. Mot., 2. The Court should not paint with such broad a brush. Only specific advertising claims that are plausibly false or misleading in the context of their own advertisements can survive Caraway's motion. None do, and therefore, the complaint should be dismissed.

## ARGUMENT

**I.    PLAINTIFFS CANNOT SAVE THEIR LANHAM ACT CLAIMS BY GROUPING ALL OF CARAWAY'S ADS TOGETHER**

**A.    Each Challenged Claim Must Be Evaluated In The Context Of Its Own Advertisement**

Plaintiffs seek to avoid dismissal by arguing that "Caraway does not run its 'non-toxic' ads in the abstract" and urge the Court to look to "the context of its broader advertising campaign attacking PTFE-coated cookware[.]" Opp., 13, 16. But as Caraway already explained (Mot., 10), "[t]he court may not … consider multiple advertisements in an advertising campaign as a whole[.]"

*Incarcerated Ent., LLC v. Warner Bros. Pictures*, 261 F. Supp. 3d 1220, 1230 (M.D. Fla. 2017). Rather, "each type and form of publicity must be considered separately" especially where "the defendant [] employed several different types and forms of advertisements." *Consumers Union of U.S., Inc. v. Theodore Hamm Brewing Co.*, 314 F. Supp. 697, 700 (D. Conn. 1970). Plaintiffs argue that these cases are old or out of circuit, Opp., 13, but the Second Circuit said much the same in *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 67 (2d Cir. 2016), where it rejected Apotex's argument that the district court "erred by examining the brochure in isolation while ignoring the context of Acorda's launch letters and other documents detailing Acorda's marketing efforts." The Court explained, "the relevant context of the advertisement is the overall message conveyed by the brochure. The district court was not required to consider external marketing documents." *Id.*; *see also Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 299 (4th Cir. 2017) ("a Lanham Act claimant may not mix and match statements, with some satisfying one Lanham Act element and some satisfying others.").

The cases cited by Plaintiffs are not to the contrary. Opp., 11, 13. *Time Warner Cable, Inc v. DIRECTV, Inc.* directs that the relevant "full context" is "'the advertisement in its entirety" not a "disputatious dissection" of the advertisement. 497 F.3d 144, 158 (2d Cir. 2007) (citations omitted). Similarly, in *Verizon Directories Corp v. Yellow Book USA, Inc.*, the court explained that "[i]n addition to its text, a commercial's visual images will be considered in determining falsity." 309 F. Supp. 2d 401, 405 (E.D.N.Y 2004). Neither case permits a court to consider the falsity of claims made in one ad with claims made in different ads published at different times in different channels.

B.    **The Complaint Does Not Plausibly Allege That Caraway's Ads Are False**

Caraway established (Mot., 11-16) that several advertisements cited in the Complaint make truthful claims about the safety of Caraway's *own* products, Compl. ¶¶46, 47, 48, 50, 55, 56, 58,

which Plaintiffs concede are "probably safe," Compl. ¶54, and are therefore not actionable.  In opposition, Plaintiffs group these ads with others and argue that they are either literally false or false by necessary implication.  Opp., 11-13.  They are not.

### i.    Caraway's Ads Are Not Literally False

Plaintiffs argue that several ads are literally false (Opp., 11-12) but they ironically omit the very context they accuse Caraway of avoiding—other words in the same ads.  For example, Plaintiffs argue that the ad in complaint paragraph 44[1] is literally false because it supposedly says that traditional nonstick products "Contain 'chemicals [that] can release toxic fumes that can be harmful to your family's health.'" Opp., 12.  But Plaintiffs omit the crucial words "***When overheated***" that appear at the start of the ad copy.  So too with the ad in paragraph 45, which Plaintiffs allege is literally false because it states that traditional nonstick products "[R]elease toxic fumes that can be harmful to pets and humans." Opp., 12.  But the actual ad qualifies that statement with "***When heated to high temperatures***."    Similarly, the ad in paragraph 51 is qualified with "***especially when exposed to high heat***."    And the ad in paragraph 59 specifies "***when used on high heat***."  Plaintiffs ignore all of this qualifying language because they concede that PTFE *does* emit fumes when overheated, (Compl. ¶32) thus making Caraway's claims literally true. At best, Plaintiffs allege that consumers are misled by the *implication* that fumes will be emitted through "ordinary use" at temperatures that can be achieved on a "standard residential oven." *Id*.

Plaintiffs also argue that ads referring to "toxic cookware" (¶43) and "toxic pans" (¶49) are literally false because PTFE is supposedly not toxic.  Opp., 11-12.  But courts have recognized that the words "toxic" and "non-toxic" are susceptible to multiple meanings—some consumers may interpret "toxic" as poisonous and deadly, while others may perceive "toxic" as merely

---

[1] The Opposition erroneously refers to paragraph 45.

harmful to the environment, pets, or humans.  *Rivera v. S.C. Johnson & Son, Inc.*, 2021 WL 4392300, at *5 (S.D.N.Y. Sept. 24, 2021) (opining on "[t]he ambiguity of the word toxic" and noting that "at least two other district courts have recently recognized that the word 'toxic' is susceptible of multiple definitions").  Thus, these ads are also not literally false.

### ii.    Caraway's Ads Are Not False By Necessary Implication

Plaintiffs argue that "[a] statement is also 'literally false'… when… the advertisement's 'words or images, considered in context, necessarily and unambiguously imply a false message.'" Opp., 11.  But "only an *unambiguous* message can be literally false." *Time Warner*, 497 F.3d at 158 (citation omitted) (emphasis in original).  "Therefore, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false." *Id*.  None of the cited advertisements meet this standard.

Plaintiffs argue that the ads in paragraphs 44 and 45 "conveys the unambiguous message that consumers will consume PTFE when using that cookware under ordinary household use… even though they will not." Opp., 12.  But, as explained above, Plaintiffs admit that PTFE releases fumes when overheated and each of these ads are qualified by the terms "[w]hen overheated" and "[w]hen heated to high temperatures" thus making them, if not simply true, at most ambiguous in their meaning—to what temperatures must the cookware be heated, for how long, and under what circumstances before fumes are released?  These claims are not false by necessary implication. *Restellini v. Wildenstein Plattner Inst.*, 2021 WL 4340824, at *6 (S.D.N.Y. Sept. 22, 2021).

Regarding paragraphs 47 and 58, Plaintiffs argue that "[a]ny reader who sees Caraway claim that its '[c]ookware [s]et' is '[n]on-toxic and PTFE-free' will conclude that Caraway's products are '[n]on-toxic' *because* they are 'PTFE-free,' and that PTFE in cookware therefore is toxic."  Opp., 13.  However, reasonable consumers could equally draw the conclusion that the

phrase "non-toxic and PTFE free" refers to two *separate* features of the cookware.[2]   Because multiple reasonable interpretations exist, a "false by necessary implication" theory cannot succeed. *Restellini*, 2021 WL 434024, at *6.

Finally, Plaintiffs argue that the ads cited in Paragraphs 48, 50 and 55, "inherently send an unambiguous message that Caraway's competitors (including Plaintiffs) sell toxic products full of forever chemicals, which is false." Opp., 13. Not so. None of these ads refer to a competitor or make any implications about the quality or contents of competing products. Moreover, even the word "toxic" is susceptible to multiple meanings, which takes it outside the realm of being false by necessary implication. *Rivera*, 2021 WL 4392300, at *5.

### C.    Certain Claims Made By Caraway Are Mere Puffery

Caraway correctly argued that the ads in complaint paragraphs 50, 56, and 58 contain puffery. Mot., 11, 13, 14. The ad in paragraph 50 merely states that "Post-dinner delights taste sweeter without forever chemicals" which is classic puffery. The operative phrase—"taste sweeter"—is a subjective expression of preference, not an objectively verifiable representation. It contains no measurable standard, no identified comparator, no testing methodology, and no concrete claim about product composition or the contents of food prepared using Caraway products. At most, it conveys the familiar advertising sentiment that consumers can enjoy dessert more when using Caraway's products. Plaintiffs' theory depends on rewriting a subjective lifestyle slogan into a series of specific factual claims the advertisement does not make. The Lanham Act does not permit that sort of inference-stacking. *Weight Watchers Intl., Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 374-75 (S.D.N.Y. 2019).

---

[2] By contrast, one of Plaintiffs' own advertisements explicitly states that their products are "nontoxic meaning made without PTFE." Mot., 2.

The ad in paragraph 56 states that "you can trust Caraway" to "keep your family safe"—again, puffery. *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 366-67 (S.D.N.Y. 2021) ("safe" is puffery).  It is a generalized, aspirational expression of brand confidence and product reassurance, not a specific, measurable factual claim.  It identifies no particular hazard, safety standard, test result, ingredient, exposure level, or comparative benchmark against which truth or falsity could be assessed. Reasonable consumers understand this as a subjective reassurance about the brand's values, not as a guarantee that Caraway products eliminate all risks.

Finally, the ad in paragraph 58 states that Caraway's products "makes meals safer, cleaner, and worry-free"—all unactionable puffery. *XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*, 214 F. Supp. 3d 179, 183-84 ("safest rides on the road" is puffery).  It uses broad, subjective, and aspirational language that conveys general reassurance rather than any specific, measurable, or verifiable claim about product performance, chemical content, or risk elimination.

To avoid dismissal, Plaintiffs urge the Court to look at these ads "within the context of its broader advertising campaign attacking PTFE-coated cookware," Opp., 16, but the Court may not do so.  *See,* supra §I.A.

### D.    The Plaintiffs Did Not Sufficiently Plead Consumer Deceptions As Required For Implied Falsity Claims

Because none of the ads in the complaint are literally false or false by necessary implication, Plaintiffs must establish implied falsity, which requires plausible allegations of consumer deception.  Mot., 14-18; *Tresóna Multimedia, LLC v. Pre-Cleared Ltd.*, 2026 WL 480858, at *5-6 (S.D.N.Y. Feb. 19, 2026).  Plaintiffs rely heavily on supposed "corroboration" by the NAD to support its argument that the ads "have *actually* left the false impression that cookware containing PTFE causes myriad health issues[.]"  Opp., 14.  But the NAD made no finding that consumers were "*actually* left with the false impression" about PTFE cookware, it merely provided

6

a recommendation based on one attorney's individual assessment and without reliance on any extrinsic evidence. Importantly, the words "confusion" "confusing" "deception" or "deceiving" do not appear in the NAD decision.

Plaintiffs argue that they do not need to plead extrinsic evidence regarding consumer deception, such as consumer survey data. Opp., 14. But they admit that at the pleading stage they must "offer facts to support" the claim of consumer deception. Opp., 14 (citing *Kuklachev v. Gelfman,* 600 F. Supp. 2d 437, 470 (E.D.N.Y. 2009)). As Caraway previously explained, the Complaint does not offer any facts—it merely makes bare allegations of deception. Mot., 15.

Although Plaintiffs try to distinguish *Tresona*, it is actually on point. 2026 WL 480858, at *3 n. 2. There, the court found that even where the plaintiff "asserts that [c]ustomers have told Tresóna that they are facing pressure… to use ClicknClear instead of Tresóna," "at least in part because of ClicknClear's false and misleading statements" this was not enough because the complaint did not identify who pressured consumers or "how this pressure has caused customers to buy ClicknClear's licenses as opposed to Tresóna's." *Id*. at *6. Nor did Tresóna "allege how [consumers'] decisions were because of [defendant's]… statements as opposed to other reasons." *Id*. The same is true here, especially given the many obvious alternative explanations for Plaintiffs' supposed lost sales, including (among other factors including design preference) growing public awareness of PFAS chemicals and an expanding body of legislation restricting or banning PTFE in cookware. Mot., 1, 17 n. 3. Plaintiffs therefore have not plausibly alleged that Caraway's advertisements conveyed a misleading implied message, much less that any such message deceived consumers or affected their purchasing decisions.

**E.      Plaintiffs Failed To Plead That They Were Harmed As A Proximate Result Of Caraway's Advertising**

Plaintiffs do not seriously contest Caraway's argument that where—as here—challenged advertising claims do not specifically name a competitor or take place in a two-player market, a plaintiff is not entitled to a presumption of causation and injury.  Mot., 19 (citing *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 696–97 (2d Cir. 1994)).  Plaintiffs merely suggest in a footnote that the presumption may arise where plaintiff is the "market leader."  Opp., n.4.  But Plaintiffs—two separate companies comprising several brands—do not plead that either of their businesses is the "market-leader" in the cookware or bakeware industry.

Thus, Plaintiffs were required, but failed, to plead causation and injury with supporting facts.  *McNeil Lab, Inc. v. Am. Home Prods. Corp.*, 848 F.2d 34, 38 (2d Cir. 1988) (the injury in such cases "accrues equally to all competitors; none is more likely to suffer from the offending broadcasts than any other[,]" and "some indication of actual injury and causation [are required]… to ensure a plaintiff's injury [is] not speculative."); *Weight Watchers*, 403 F. Supp. 3d at 375 (motion to dismiss granted where "statements characterize unnamed weight-loss programs in broadly negative terms but do not impute particular methods to Weight Watchers."); *Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 2025 WL 3268799, at *5 (S.D.N.Y. Nov. 21, 2025) ("Papaya had many competitors in the RMSB market and cannot show that any of Skillz's statements would have been an obvious comparison with Papaya's product.").

Plaintiffs baldly conclude that because sales of their PTFE-coated cookware have supposedly plummeted, this must have been caused by Caraway's advertisements.  Compl. ¶77; Opp., 19. However, there are any number of intervening reasons why Plaintiffs' sales could have

8

decreased, "including new market entrants, increased… regulation,[3] a reduction of consumers' discretionary income, or even a change in consumer preferences… Simply put, the Complaint's vague and speculative allegations do not show Defendant's false advertising caused its harm any more than any one of these reasons could have." *ThermoLife Int'l LLC v. Sparta Nutrition, LLC*, 2020 WL 248164, at *9 (D. Ariz. Jan. 16, 2020); *see also Charlotte's Web, Inc. v. AAXLL Supply Co. LLC*, 2020 WL 6891876, at *1 (N.D. Cal. Nov. 24, 2020).

Further, as discussed above (supra §I.A) Plaintiffs must prove causation and injury for each challenged advertising claim.  They do not even attempt to do so.  Rather, they argue that "Caraway's ads falsely state that products containing PTFE (like Plaintiffs') cause cancer and fill users' food and home with toxic fumes, causing Plaintiffs to sell fewer products."  Opp., 20.  But only one ad in the complaint even mentions the word cancer and only a handful reference toxic fumes—so even if Plaintiffs sufficiently pled causation and injury flowing from those ads (which, they have not), that does nothing to support claims against all the other ads.

## II.    PLAINTIFFS DO NOT ADEQUATELY PLEAD HARM TO THE PUBLIC HEALTH OR SAFETY AS REQUIED UNDER THE NYGBL

A competitor can only pursue a NYGBL claim where the defendant's conduct has "significant ramifications for the public at large[,]" such as creating a "potential danger to the public health or safety." Mot., 21-22 (citing *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003)).  Plaintiffs argue that their claims "implicate consumer safety" inasmuch as the advertisements at issue concern the safety of Plaintiffs' PTFE-coated products.  Opp., 21. But Caraway's advertising is *not* alleged to be endangering public health and safety—to the contrary, Caraway is allegedly persuading consumers to purchase concededly *safe*

---

[3] Indeed, many states have banned PTFE-coated cookware.  Mot, 1.

cookware.  Compl. ¶54.  Thus, Plaintiffs' NYGBL claims are unlike those in *Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris USA Inc.*, 344 F.2d 211, 218 (2d Cir. 2003), relied on by Plaintiffs, where the defendant "induced consumers to smoke and discouraged them from quitting smoking, thus significantly increasing their risk of illness and even death."[4]

## III.    PLAINTIFFS' THEORY OF UNFAIR COMPETITION IS NOT RECOGNIZED IN NEW YORK

Plaintiffs do not dispute that under New York law[5], common law unfair competition is limited to "palming off" and "misappropriation."  Opp., 23.  Rather, Plaintiffs allege that misappropriation can include false advertising, but neither of their cited cases support this proposition.  *County Waste & Recycling Serv., Inc. v. Twin Bridges Waste & Recycling, LLC*, 150 N.Y.S.3d 893, *7 (N.Y. Sup. Ct. Albany Cnty. 2021) (citation omitted) involved "unlawful inducements as to the existence, validity and enforceability of customer [] contracts," not just false advertising.  Likewise, *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, 2016 WL 815205, at *9 (S.D.N.Y. Feb. 29, 2016), concerned a defendant's employees masquerading as the plaintiffs' customers to leave negative reviews.[6]  There are no such allegations here.  Plaintiffs merely allege lost sales—but "[m]isappropriation of 'sales'" through false advertising does not "constitute misappropriation of a business' organization or its expenditure of labor, skill, and money."  *Solmetex, LLC v. Dental Recycling of N. Am., Inc.*, 2017 WL 2840282, at *4 n.6 (S.D.N.Y. June 26, 2017).

---

[4] Plaintiffs' reliance on *Mimedx Grp.*, *Inc. v. Osiris Therapeutics Inc.,* 2017 WL 3129799, at *14 (S.D.N.Y. July 21, 2017) is also unavailing because the court did not analyze these issues in depth and the case concerned the safety and efficacy of wound-care products.

[5] "[B]ecause the parties rely upon New York law in their briefs, they have impliedly consented to the application of New York law to this motion." *Meisel v. Grunberg*, 651 F. Supp. 2d 98, 109 (S.D.N.Y. 2009).

[6] To the extent *Romeo* could be read to endorse an unfair competition claim based solely on the "deliberate[] post[ing] [of] false statements critical of the plaintiff's services," *id*., such reading is contrary to New York law.  Mot., 24-25 (citing cases).

## IV.    PLAINTIFFS' TRADE LIBEL CLAIM FAILS

Plaintiffs contend that there is a "necessary implication" that Caraway's advertisements refer to Plaintiffs' products. Opp., 25. Not so. Most of the advertisements in the Complaint merely tout the safety of Caraway's own products. Compl. ¶¶46, 47, 48, 50, 54, 55, 56, 58. The advertisements that reference other products refer to generic or "traditional" cookware, not Plaintiffs' cookware, and none of Caraway's advertisements mention Plaintiffs or their products by name. *See supra*, §1.B-C.

Plaintiffs' reliance on *E.piphany, Inc. v. St. Paul Fire & Marine Insurance Company*, 590 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) is misplaced. There the defendant claimed that its product was the "only" product that had a certain capability, necessarily implying that all other products in that category did not. *Id*. Similarly, in *DeBlasio v. N. Shore Univ. Hosp*., 624 N.Y.S.2d 263 (1995), the challenged statements were so specific they could only refer to a handful of doctors at a particular hospital. Here, Plaintiffs concede that the cookware industry is vast and PTFE nonstick is widespread. Compl. ¶28.

Plaintiffs also fail to allege special damages. Plaintiffs protest that they cannot, "at the pleading stage, [] list [] everyone of Plaintiffs' customers who were affected by Caraway's false and misleading advertisements." Opp., 25. But New York law requires that special damages be "fully and accurately stated"—not even round number estimates will suffice. *Drug Rsch. Corp. v. Curtis Publ. Co*., 7 N.Y.2d 435, 440–441 (1960). Here, the Complaint only offers a conclusory allegation that Plaintiffs "have seen their sales plummet." Compl. ¶77.[7]

---

[7] *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC,* 2014 WL 4723299, at *6 (S.D.N.Y. Sept. 23, 2014), cited by Plaintiffs, is distinguishable because the court noted that defendant's conduct may have amounted to defamation *per se*, which does not require proof of special damages.

## V.    DECLARATORY JUDGMENT IS NOT A CAUSE OF ACTION

Plaintiffs "acknowledge that declaratory judgment is a remedy, not a standalone cause of action." Opp., 27. It should be dismissed. *Cisco Sys., Inc. v. Synamedia Ltd.,* 557 F. Supp. 3d 464, 474–75 (S.D.N.Y. 2021).

## <u>CONCLUSION</u>

The Court should grant Caraway's motion to dismiss.

Date:    June 22, 2026
         New York, New York

                                 KELLEY DRYE & WARREN LLP


                                 By: */s/ Michael C. Lynch*
                                     Michael C. Lynch (Lead Trial Counsel)
                                     Damon Suden
                                     3 World Trade Center
                                     175 Greenwich Street
                                     New York, New York 10007
                                     Tel: (212) 808-7800

                                     dsuden@kelleydrye.com

                                     John Villafranco*
                                     Melissa Byroade
                                     670 Maine Ave. SW
                                     Suite 600
                                     Washington, DC 20024
                                     jvillafranco@kelleydrye.com
                                     mbyraode@kelleydrye.com

                                     William Jackson*
                                     515 Post Oak Blvd.
                                     Suite 900
                                     Houston, Texas 77027
                                     wjackson@kelleydrye.com

                                     Robert A. Bilott*
                                     Taft Stettinius & Hollister LLP
                                     50 E. Rivercenter Blvd., Suite 850
                                     Covington, KY 41011 Tel: (513) 331-2838
                                     bilott@taftlaw.com

12

Andrew D. Bochner
Bochner PLLC
1040 6th Ave, Suite 15B New York,
New York 10018
Tel. (212) 930-8229
andrew@bochner.law

\* admitted *pro hac vice*

*Attorneys for Defendant
Caraway Home, Inc.*

13

## TYPE-VOLUME CERTIFICATION

Pursuant to Local Civil Rule 7.1, I hereby certify that Caraway Home, Inc.'s Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint contains 3,490 words, which complies with the word-count limitations of Local Civil Rule 7.1(c). This certification was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

Dated: New York, New York
        June 22, 2026                     */s/ Michael C. Lynch*
                                            Michael C. Lynch

14