UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Groupe SEB USA, Inc. and Meyer Corporation, U.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Caraway Home, Inc.<br><br>*Defendant*. | Civil Action No. 1:26-cv-01237-AS-SN<br><br>**PROTECTIVE ORDER** |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. nonpublic marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only such portion of such material that, if disclosed, is likely to result in significant harm, including material and significant competitive or commercial harm, to the business or operations of that party or non-party or to an individual. Highly Confidential – Attorneys' Eyes Only includes:

a. Trade secrets as defined in 18 U.S.C. § 1839(3), including nonpublic product development plans regarding products that have not yet been launched;

b. Terms, proposed terms, or negotiating positions (including internal deliberations) of nonpublic, commercially sensitive contracts or agreements;

c. Documents or information relating to or reflecting revenue, profit, costs, or pricing;

d. Nonpublic business plans, board material information, or product development information;

e. Client lists and confidential client data, including customer details that could be used to subject the party to a competitive disadvantage;

f. Manufacturing or supplier information, including revised formulas, engineering specifications, or schematics that define or otherwise describe in detail the process by which cookware and bakeware products are manufactured; or

g. Any other documents or information that the Parties agree to give Highly Confidential – Attorneys' Eyes Only status, or that the Court designates as such.

The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential or Highly Confidential – Attorneys' Eyes Only information.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that portions of the testimony provided in such deposition include Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by the Protective Order" by the reporter. Inadvertent

failure to do so does not operate as a waiver. The designating party must provide the specific page and line designations over which the party or non-party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter. Deposition testimony shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order. If a deponent's testimony is expected to address Highly Confidential – Attorneys' Eyes Only information of the opposing party, the examining party shall provide reasonable advance notice, if possible, and any party or person not authorized to receive Highly Confidential – Attorneys' Eyes Only material under this Order shall be excluded from the deposition room during such testimony unless otherwise agreed.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order.

7. Except as set forth below, Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall not be used or disclosed by the parties, counsel for the parties, or any other persons for any purpose whatsoever other than prosecuting, defending, or settling this litigation, including any appeal thereof.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. Employees of the parties to this action, but only to the extent counsel determines in good faith that disclosure is reasonably necessary to the conduct of the litigation and the person has been advised of their obligations hereunder;

b. Outside litigation counsel of record retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. Mediators and their direct staff, provided that they are bound by and have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. Persons specifically engaged for the purpose of providing litigation support, including computerized or electronic discovery support, providing photocopies, organizing or processing documents, including outside vendors hired to collect, process, or host electronically stored documents;

h. Stenographers engaged to transcribe depositions conducted in this action; and

i. The Court and its support personnel.

9. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

a. Outside litigation counsel of record retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, provided that such individuals do not regularly participate in the commercial business activities of the receiving party;

b. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto. However, no employee of a party may be shown Highly Confidential – Attorneys' Eyes Only materials from an opposing party under these circumstances. Neither witnesses nor their counsel shall retain a copy of any exhibit designated as Highly Confidential – Attorneys' Eyes Only, except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the deposition transcripts;

d. Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided

such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. Mediators and their direct staff, provided that they are bound by and have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. Persons specifically engaged for the purpose of providing litigation support, including computerized or electronic discovery support, providing photocopies, organizing or processing documents, including outside vendors hired to collect, process, or host electronically stored documents;

g. Stenographers engaged to transcribe depositions conducted in this action; and

h. The Court and its support personnel.

10. A failure to designate a document or testimony as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material does not, standing alone, waive the right to so designate the document or testimony. If a party designates a document as Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material.

11. All Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.

12. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material or information contained in any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. A claim of inadvertent disclosure must be asserted within a reasonable time after the disclosing party knew or should have known of the inadvertent production, and in no event later than thirty (30) days after the disclosing party's actual discovery of the inadvertent production.

16. Pursuant to Federal Rule of Evidence 502(d) and (e), if a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in

Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

19. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information. A party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

20. To the extent that discovery or testimony is taken of third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested are entitled to designate as Confidential or Highly Confidential – Attorneys' Eyes Only any documents, information, or other material, in whole or in part, produced or given by such third parties pursuant to this Protective Order.

21. A party that receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days of receipt.

22. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" and "Highly Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, outside counsel are entitled to retain an archival copy of all communications; pleadings and motion papers; trial, deposition, and hearing transcripts; legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or

constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Protective Order. The party or non-party that received Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall, within forty-five (45) days of the final disposition of this action, provide to producing counsel a written certification confirming that all such materials (other than archival copies retained pursuant to this paragraph) have been returned or destroyed.

23. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*/s/ Carmine R. Zarlenga*
Carmine R. Zarlenga
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
czarlenga@mayerbrown.com

*Attorneys for Plaintiffs*

Dated: August 13, 2026

*/s/ Michael C. Lynch*
Michael C. Lynch
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
mlynch@kelleydrye.com

*Attorneys for Defendant*

Dated: August 13, 2026

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: New York, New York
August 14, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Groupe SEB USA, Inc. and Meyer Corporation, U.S.,<br>*Plaintiffs*,<br><br>v.<br><br>Caraway Home, Inc.<br>*Defendant*. | Civil Action No. 1:26-cv-01237-AS-SN<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ___________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, or to the extent applicable, Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than as set forth in the Protective Order and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ___________________ _____________________________________