**KELLEY DRYE & WARREN LLP**

NEW YORK, NY WASHINGTON, DC CHICAGO, IL HOUSTON, TX
LOS ANGELES, CA SAN DIEGO, CA PARSIPPANY, NJ STAMFORD, CT

**Michael C. Lynch**
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-5082
Fax: (212) 808-7897
mlynch@kelleydrye.com

Caraway's letter-motion to compel production is DENIED. Plaintiffs' complaint cannot be reasonably understood to challenge Caraway's ads to the extent they claim competitors' cookware is toxic to the environment, as opposed to consumers who buy and use the cookware. Therefore, it is no defense to claim, as Caraway suggests, that competitors' cookware is indeed toxic to the environment.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 52.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 2, 2026

September 28, 2026

**Via Email**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Groupe SEB USA, Inc. et al. v. Caraway Home, Inc.*, Case No. 1:26-cv-1237

Dear Judge Subramanian,

Pursuant to Paragraph 5 of the Court's Individual Practices, Defendant Caraway Home, Inc. ("Caraway") files this letter-motion to compel Plaintiffs Groupe SEB USA, Inc. ("SEB") and Meyer Corporation, U.S. ("Meyer") (collectively, "Plaintiffs") to produce relevant documents related to the environmental risks posed by the manufacture of PTFE or other PFAS. Caraway requests an informal conference.

In this action, Plaintiffs allege that Caraway's advertisements are false or misleading because they falsely state or imply that Plaintiffs' PTFE-coated nonstick cookware is "toxic." In particular, Plaintiffs cite Caraway ads that encourage consumers to "Toss Your Toxic Pans" and informs them that "States are starting to ban PFAS." Compl. ¶ 49. Indeed, multiple States have banned PFAS, including PTFE, in cookware, citing the negative environmental impacts associated with the manufacture of these chemicals. *See, e.g.*, Minn. Stat. § 116.943(5)(a)(3); Me. Stat. tit. 38 § 1614(5)(B-1)(2); Colo. Rev. Stat. § 25-15-604(2)(f); *see also Cookware Sustainability All. v. Kessler*, 2025 WL 2307591, at *3 (D. Minn. Aug. 11, 2025) (finding the legislative history of Minnesota's ban on PFAS in consumer products, including cookware, "indicates that legislators chose to protect Minnesotans from the potential dangers of PFAS contamination"). Other ads that purportedly form the basis of Plaintiffs' claims against Caraway also reference "Toxic Cookware" or the fact that Caraway's cookware is "non-toxic" and "safe." Compl. ¶¶ 43, 45, 46, 47, 55, 56, 58.

To explore these issues, Caraway is seeking documents from Plaintiffs regarding the environmental impacts and risks associated with the PTFE they use on their products. The specific RFPs at issue are RFP Nos. 15, 47 (SEB) and 48 (Meyer). These RFPs are reproduced in Exhibit 1. This discovery is critical to one of Caraway's defenses—i.e., that to the extent its ads imply that PTFE is toxic and unsafe, such claims are true given the undisputed impacts of PTFE production on the environment (in addition

to the impacts on human health). Plaintiffs object on the grounds that environmental impacts are not relevant because, according to them, consumers perceive Caraway's advertising claims as negative only to the risks of PTFE on human health—not the environment. Plaintiffs' objection, however, improperly seeks to limit the implied meaning of Caraway's advertisements and prevent Caraway from exploring all the many ways—including environmental—in which Plaintiffs' PTFE products are toxic and unsafe.

Plaintiffs narrow view of Caraway's "toxic" and "non-toxic" claims is also unsupported by the law. Multiple courts have recognized that toxic/non-toxic advertising claims encompass environmental impacts. For instance, in *Rivera v. S.C. Johnson & Son, Inc.*, 2021 WL 4392300, at *4 (S.D.N.Y. Sept. 24, 2021), a court in this district held that plaintiffs plausibly alleged that consumers would interpret Windex's product labels, which touted a "NON-TOXIC FORMULA", as not "harmful to people, common pets, ***or the environment***." (emphasis added). Similarly, in *Bush v. Rust-Oleum Corp.*, 2021 WL 24842, at *2 (N.D. Cal. Jan. 4, 2021), the court relied on the FTC's "Green Guides", which state that "[a] non-toxic claim likely conveys that a product, package, or service is non-toxic both for humans ***and for the environment generally***." (emphasis added). The court went on to observe that "marketing a [] product as 'essentially non-toxic' or 'practically non-toxic' likely conveys that the product does not pose any risk to humans or the environment, including household pets. If the [] product poses no risks to humans but is toxic to the environment, the claims would be deceptive." *Id*. (internal citation omitted).

Thus, consistent with this case law, Caraway intends to demonstrate that consumers who are confronted with advertisements that make claims about toxic chemicals understand the full range of ways that such chemicals can be harmful, from impacts to humans and pets to impacts on the environment. The impact of Plaintiffs' PTFE-coated cookware and bakeware products on the environment, including in manufacture, use, and disposal, is relevant to the question of whether the products are in fact "toxic," as many consumers understand that word.

The requested discovery is also relevant to causation and damages wholly apart from Caraway's advertising. It is well known that the production of PTFE has caused widespread contamination of drinking water, surface water, soils, sediments, flora and fauna. As just one example, the Washington Works facility in West Virginia, where E.I. du Pont de Nemours and Co. manufactured PTFE for decades, has caused drinking water contamination spanning thousands of square miles.[1] There is established widespread PFAS contamination around other PTFE-manufacturing sites, including, for example, an AGC Chemicals site in the United Kingdom,[2] as well as demonstrated contamination around sites that apply PTFE to consumer products. Fluoropolymers, including PTFE, are associated with extreme persistence in the environment, the use of processing aids that are linked to multiple human health risks, as well as dangerous byproducts.[3] The environmental impact of Plaintiffs' PTFE-coated cookware is one of many

1 *See Chemours Washington Works History and Safe Drinking Water Act (SWDA) Settlements*, U.S. ENV'T PROT. https://www.epa.gov/oh/chemours-washington-works-history-and-safe-drinking-water-act-swda-settlements.

2 Pippa Neill, *Lancashire Chemical Factory Facing Potential Legal Claim Announces Closure*, THE GUARDIAN (July 13, 2026), https://www.theguardian.com/environment/2026/jul/13/lancashire-factory-agc-chemicals-europe-potential-legal-claim-announces-closure.

3 *See, e.g.*, Rainer Lohmann et al., *Are Fluoropolymers Really of Low Concern for Hum. and Env't Health and Separate from Other PFAS?*, ENV'T SCI. & TECH. (Oct. 12, 2020),

reasons why consumers may choose to purchase non-PTFE products, such as Caraway's ceramic-coated cookware. Caraway is entitled to explore Plaintiffs' knowledge of those environmental risks and how they impact Plaintiffs' ability to market their PTFE products to today's eco-conscious consumers. Such evidence also presents an alternative explanation for any lost sales, which Plaintiffs are trying to pin entirely on Caraway's advertising.

Finally, Plaintiffs have not demonstrated that producing documents responsive to the Requests would be burdensome or disproportionate to the needs of this case. Plaintiffs have not provided any evidence (such as hit reports) demonstrating that the volume of documents implicated by the RFPs at issue would be excessive in light of the issues in dispute. Speculative claims of burden should be rejected. *Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y. 1996).

Given the "broad and liberal construction afforded the federal discovery rules," Plaintiffs should be compelled to produce the requested documents which are relevant to Caraway's defense that its advertising claims about the toxicity of PTFE-coated pans are true, in part because of the environmental impacts of PTFE production. *Alzheimer's Foundation of Am., Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc.*, 2015 WL 4033019, at *14 (S.D.N.Y. June 29, 2015) (citations omitted); Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").[4] Any argument Plaintiffs have about why environmental impacts are not important to consumers is a matter for the trier of fact.

**Good Faith Certification**: The parties engaged in good faith efforts to resolve this dispute, including Plaintiffs' written objections on June 5, 2026, Caraway's deficiency letter on June 15, 2026, a videoconference among counsel lasting one hour on June 23, 2026[5], a further exchange of letters on July 2, 2026, and July 9, 2026, and finally a Lead Trial Counsel videoconference on July 17, 2026, lasting 30 minutes[6]. The parties reached impasse, and Caraway advised it would seek relief from the Court.

Respectfully Submitted,

*/s/ Michael C. Lynch*
Michael C. Lynch
Lead *Counsel for Defendant*

---

https://pubs.acs.org/esthag/article/54/20/12820/1416629/Are-Fluoropolymers-Really-of-Low-Concern-for-Human.

4 Caraway also notes that if its pending motion to dismiss is not granted in full, Caraway intends to file counterclaims against Plaintiffs for, among other things, making false and misleading claims about the safety of their PTFE-coated products. Plaintiffs astonishingly advertise their PTFE products as being "eco-friendly." Caraway intends to establish that such claims are false including because of the environmental harm associated with PTFE production globally. The documents requested by these RFPs will plainly be relevant to Caraway's anticipated counterclaims.

5 Attended by Daniel Queen, Catherine Medvene, and Julyana Dawson on behalf of Plaintiffs, and Michael Lynch (Lead Counsel), Damon Suden, Lauren Schadt, and Ryan Kelly on behalf of Caraway.

6 Attended by Carmine Zarlenga (Lead Counsel), Catherine Medvene, and Julyana Dawson on behalf of Plaintiffs, and Michael Lynch (Lead Counsel), Damon Suden, and Lauren Schadt on behalf of Caraway.