**KELLEY DRYE & WARREN LLP**

NEW YORK, NY WASHINGTON, DC CHICAGO, IL HOUSTON, TX
LOS ANGELES, CA SAN DIEGO, CA PARSIPPANY, NJ STAMFORD, CT

**Michael C. Lynch**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-5082
Fax: (212) 808-7897
mlynch@kelleydrye.com

October 23, 2026

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *Groupe SEB USA, Inc. et al. v. Caraway Home, Inc.*, Case No. 1:26-cv-1237
**Joint Letter-Motion To Extend Deadlines**

Dear Judge Subramanian:

We represent Defendant Caraway Home, Inc. ("Caraway"). Pursuant to Section 3(E) of this Court's Individual Practices in Civil Cases, we write jointly with counsel for Plaintiffs Groupe SEB USA, Inc. and Meyer Corporation, US (collectively, "Plaintiffs") to respectfully request a four-month extension of the case schedule. This is the parties' first request to extend these deadlines. As explained below, good cause exists because the volume and complexity of document discovery in this case—and the time the parties have necessarily spent negotiating custodians and search terms under the Court's ESI Order (ECF No. 49)—make it impracticable to complete document production, review the materials produced, and then conduct depositions and expert discovery within the existing deadlines. Further, the pleadings are not yet closed, and Caraway intends to file counterclaims with its answer, which will necessitate additional fact and expert discovery.

The parties have been working diligently and cooperatively to take discovery regarding the claims asserted in the Complaint. When the current schedule was entered, the parties had not yet agreed on custodians, data sources, or search methodology. Since entry of the ESI Order (ECF No. 49), the parties have exchanged multiple rounds of custodian proposals and counterproposals. Caraway has proposed 13 custodians, and Plaintiffs have each proposed 10 custodians, for a total of 33 custodians. The parties have also exchanged search term proposals, revisions, and hit reports. Those negotiations remain ongoing, including as to the appropriate starting date for collection, additional custodians, and the search terms that will govern a number of requests for production.

The volume of material at issue is substantial. Caraway's initial proposed search terms alone return over 560,000 documents (with families) across its email, Google Drive, and Slack collections, and Plaintiffs' proposed additions and modifications (which are still being negotiated) would increase that

population to approximately 755,000 documents (with families). Plaintiffs' own review population will depend on the outcome of ongoing negotiations over their custodians and search terms, including more than 90 PFAS-related terms that Caraway has proposed. Once search terms are finalized, each side must review and produce responsive documents, and the receiving party must then review those productions before depositions can meaningfully proceed and before experts can rely on the documentary record. Most imminently, the current schedule requires claim-proponent expert disclosures by November 6, 2026. ECF No. 38. That deadline simply cannot be met: although Plaintiffs have begun producing documents, document production as a whole has not yet substantially begun, and no expert can responsibly offer opinions before the documentary record on which those opinions must rest has been produced and reviewed.

Several discovery disputes also remain unresolved. Among other things, the parties continue to confer regarding the scope of certain discovery requests. The parties are working in good faith to narrow these disputes without Court intervention, but their resolution may expand the set of documents to be collected, reviewed, and produced. An extension will also conserve the parties' resources. Proceeding with Rule 30(b)(1) and 30(b)(6) depositions before document production is substantially complete would be wasteful, and the parties agree that witnesses should be deposed only once where feasible. A modest extension now will avoid the cost and burden of reopening depositions of the same witnesses.

In addition, the pleadings are not yet closed. Following resolution of the pending motion to dismiss, Caraway intends to answer and assert counterclaims. Although there will be substantial overlap with the discovery already underway, Caraway anticipates that its counterclaims will require additional discovery regarding the advertising claims challenged in the counterclaims, evidence supporting or refuting the truth of those claims, consumer perception, and damages. Consistent with Plaintiffs' position that "discovery predicated on unfiled claims is improper, particularly with a motion to dismiss still pending" (ECF No. 53), the parties have not yet taken discovery aimed solely at the unfiled counterclaims. Moreover, the existing November 6 deadline for claim-proponent expert disclosures does not currently apply to Caraway because it has no claim pending. Thus, once counterclaim discovery is complete, Caraway will need time to disclose expert reports in support of its counterclaims. Extending the schedule now will help ensure that the parties make expert disclosures in parallel on the same schedule. It would also be wasteful to begin depositions before the counterclaims are filed, because witnesses are likely to have information relevant to both the claims and the counterclaims and, as noted above, the parties agree that witnesses should be deposed only once where feasible. While Plaintiffs maintain that a potential counterclaim not yet asserted does not itself warrant modifying the schedule, the efficiencies described above, and the other grounds for good cause set forth in this letter, independently support the requested extension.

For these reasons, the parties respectfully submit that good cause exists and jointly request a four-month extension of the case schedule to provide time for the pleadings to close and for the parties to finalize custodians and search terms, complete and review document productions, and then complete fact and expert discovery in an orderly manner. The parties will continue to make rolling productions as

documents are reviewed and will promptly confer and advise the Court if further adjustments are necessary.

There are no currently scheduled appearances before the Court, and the requested extension will not affect any deadlines in this case other than those listed below. The parties are prepared to submit a proposed Amended Case Management Order reflecting the deadlines below should the Court so desire.

| **Event** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Claim-Proponent Expert Disclosure | November 6, 2026 | March 5, 2027 |
| Claim-Opponent Expert Disclosure | December 18, 2026 | April 16, 2027 |
| Service of RFAs | January 8, 2027 | May 7, 2027 |
| Expert Rebuttal Reports | January 22, 2027 | May 21, 2027 |
| Depositions | February 12, 2027 | June 11, 2027 |
| All Discovery Completion | February 12, 2027 | June 11, 2027 |
| Summary Judgment Motions | April 16, 2027 | August 16, 2027 |
| Oppositions to Summary Judgment Motions | June 7, 2027 | October 8, 2027 |
| Summary Judgment Reply Papers | July 12, 2027 | November 12, 2027 |

The parties thank the Court for its consideration of this request.

Respectfully Submitted,

*/s/ Michael C. Lynch*
Michael C. Lynch
Lead *Counsel for Defendant*

cc: All counsel of record (via ECF)